IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00233-PAB-NYW

ROBERT JW McCLELAND,

    Plaintiff,

v.

RICK RAEMISCH,
RISHI ARIOLA-TIRELLA,
RENAE JORDAN,
SUSAN TIONA,
DEBORAH BORREGO,
JOANNE McGREW, and
DAYNA JOHNSON,

    Defendants.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

    This matter comes before the court on two motions:

(1)     Defendants Rick Raemsich, Renae Jordan, and Susan Tiona's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (the "Motion to Dismiss"), filed January 24, 2019, *see* [#51]; and

(2)     Plaintiff Robert JW McCleland's ("Plaintiff" or "Mr. McCleland") Motion for Leave to File Amended Complaint (the "Motion to Amend"), filed February 14, 2019, *see* [#59].

The presiding judge, the Honorable Philip A. Brimmer, referred the Motions to the undersigned pursuant to 28 U.S.C. § 636(b) and the Memoranda dated January 25 and February 15, 2019 [#52; #60]. Having reviewed the Motions and associated briefing, applicable case law, and entire docket, this court **CONSTRUES** the Motion to Amend as a Notice of filing an amended pleading by

consent pursuant to D.C.COLO.LCivR 15.1(a) and respectfully **RECOMMENDS** that the Motion to Dismiss be **DENIED AS MOOT**.

## BACKGROUND

Plaintiff initiated this action by filing his *pro se* Complaint on January 29, 2018, alleging that several Colorado Department of Corrections employees were and/or are deliberately indifferent to his serious medical condition of Hepatitis-C. *See generally* [#1]. Per the Honorable Gordon P. Gallagher's directive, Plaintiff filed an Amended Complaint on March 16, 2018. [#12]. Magistrate Judge Gallagher then granted Mr. McCleland leave to file a Second and Third Amended Complaint. *See* [#16; #19]. Then, on October 11, 2018, the Honorable Lewis T. Babcock drew Plaintiff's Third Amended Complaint in its entirety to Judge Brimmer and the undersigned. *See* [#21].

The United States Marshals Service served the Third Amended Complaint on the named Defendants. *See* [#22; #26; #33; #34; #38]. After the court granted extensions of time to answer or respond to the Third Amended Complaint but before Defendants responded, Mr. McCleland sought leave to file a Fourth Amended Complaint on December 21, 2018. *See* [#43]. Because Defendants did not object to Plaintiff's request, this court construed Plaintiff's Motion as a Notice of filing an amended pleading by consent pursuant to D.C.COLO.LCivR 15.1(a), and directed the Clerk of the Court to docket Plaintiff's Fourth Amended Complaint as the operative pleading. *See* [#48]. The Fourth Amended Complaint became the operative pleading on January 10, 2018. *See* [#49].

On January 24, 2019, Defendants Rick Raemsich, Deborah Borrego, Dayna Johnson, Susan Tiona, and Renae Jordan (collectively, "CDOC Defendants")[1] filed an Answer to the Fourth

---

[1] It appears that the Colorado Attorney General's Office is not representing Defendants Rishi Ariola-Tirella and Joanne McGrew (though the docket indicates otherwise for Ms. McGrew), and

2

Amended Complaint and Defendants Rick Raemsich, Renae Jordan, and Susan Tiona filed the instant Motion to Dismiss. *See* [#50; #51]. Plaintiff responded to the Motion to Dismiss on February 14, 2019. *See* [#58]. That same day, he also filed the instant Motion to Amend, requesting leave to file a Fifth Amended Complaint. *See* [#59]. The CDOC Defendants have since responded to the Motion to Amend, indicating that they do not oppose the requested relief. *See* [#62]. Thus, this court concludes that the Motions are ripe for resolution.

## ANALYSIS

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs the instant Motion to Amend, and provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993). The District's Local Rule of Civil Practice 15.1(a) also contemplates that a party may file an amended pleading with the consent of the opposing party. D.C.COLO.LCivR 15.1(a). Whether to allow amendment is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.,* 81 F.3d 975, 978-79 (10th Cir. 1996).

Here, Mr. McCleland seeks leave to file a Fifth Amended Complaint to address the deficiencies identified in the Motion to Dismiss. *See* [#59]. The CDOC Defendants do not oppose the Motion to Amend. [#62 at ¶ 8]. Thus, this court construes the Motion to Amend as a Notice of filing an amended pleading by consent pursuant to D.C.COLO.LCivR 15.1(a), rendering the Fifth Amended Complaint the operative pleading in this matter.

---

to date no attorney has entered an appearance on behalf of these Defendants. Nor have these Defendants responded in any way to Mr. McCleland's pleadings.

3

Additionally, an amended pleading supersedes the pleading it modifies, thereby mooting any motions to dismiss directed at an inoperative pleading. *See Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006). Accordingly, the Motion to Dismiss is directed at an inoperative pleading, rendering it moot. *See Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."). Indeed, the CDOC Defendants appear to concede this point in their Response to the Motion to Amend, and assert, "[t]o the extent that there are defects in Plaintiff's Fifth Amended Complaint, those issues will be addressed in Defendants' response." [#62 at ¶ 8]. Therefore, this court respectfully **RECOMMENDS** that the Motion to Dismiss be **DENIED AS MOOT**.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Amend [#59] is **CONSTRUED** as a Notice of filing an amended pleading by consent pursuant to D.C.COLO.LCivR 15.1(a), and the Clerk of the Court shall accept for filing and docket the Fifth Amended Complaint [#59-1] as the operative pleading. The CDOC Defendants shall answer or otherwise respond to the Fifth Amended Complaint within the time provided by Rule 15(a)(3) of the Federal Rules of Civil Procedure once the Clerk of the Court dockets the Fifth Amended Complaint; and

(2) The court hereby **SETS** a deadline for amendment of pleadings and joinder of parties of March 1, 2019. All other deadlines set in the court's Minutes/Minute Order dated February 14, 2019 **REMAIN SET**.

In addition, this court respectfully **RECOMMENDS** that:

(1) Defendants Rick Raemsich, Renae Jordan, and Susan Tiona's Motion to Dismiss [#51] be **DENIED AS MOOT**.[2]

A copy of this Order and Recommendation shall be sent to:

> ROBERT JW MCCLELAND #155317
> BUENA VISTA CORRECTIONAL FACILITY (BVCF)
> P.O. BOX 2017
> BUENA VISTA, CO 81211

DATED: February 28, 2019

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).