IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00233-PAB-NYW

ROBERT JW McCLELAND,

    Plaintiff,

v.

RICK RAEMISCH,
RENAE JORDAN,
SUSAN TIONA,
DEBORAH BORREGO,
JOANNE McGREW, and
DAYNA JOHNSON,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge and Order [Docket No. 215] filed on April 23, 2020. Magistrate Judge Nina Y. Wang recommends that Defendant Joanne McGrew's Motion for Summary Judgment [Docket No. 169] and CDOC Defendants' Motion for Summary Judgment [Docket No. 176][1] be granted. Plaintiff filed objections to the magistrate judge's recommendation on May 8, 2020. Docket No. 220. On May 15, 2020, defendant McGrew filed a response to plaintiff's objections, Docket No. 221, and the CDOC defendants filed a response on May 26, 2020. Docket No. 222. Plaintiff replied to

---

[1] "CDOC defendants" collectively refers to defendants Rick Raemisch, Renae Jordan, Susan Tiona, Deborah Borrego, and Dayna Johnson. *See* Docket No. 176 at 1.

defendant McGrew's response on May 28, 2020, Docket No. 223, but did not reply to the CDOC defendants' response.

## I. BACKGROUND

The background facts have been set forth in the magistrate judge's recommendation and will not be repeated here except as relevant to resolving plaintiff's objections. Plaintiff is currently incarcerated at the Buena Vista Correctional Complex in Buena Vista, Colorado. Docket No. 65 at 2. While incarcerated, he has sought medical treatment for chronic Hepatitis-C and sought medical treatment from the Colorado Department of Corrections ("CDOC"). Docket No. 215 at 6, ¶ 1. On February 28, 2019, plaintiff filed his Fifth Amended Complaint, alleging that the CDOC "intentionally delays necessary medical care for chronic hepatitis C infection (HCV) to its prisoners by promulgation of its Clinical Standards and Procedures for Hepatitis C Evaluation, Management, and Treatment." Docket No. 65 at 4. Plaintiff alleges in his complaint that "[t]he unconstitutional policy and the deliberate indifference to [plaintiff's] serious medical need for treatment, has [led] to substantial pain, permanent loss of kidney function, shortened life span, and emotional distress." *Id.* The magistrate judge and the parties have interpreted plaintiff's claim as a deliberate indifference claim under the Eighth Amendment. *See* Docket No. 215 at 2;[2] Docket No. 169 at 5; Docket No. 176 at 3; Docket No. 197 at 8.

---

[2] Specifically, the magistrate judge interpreted plaintiff's complaint as "asserting two distinct Eighth Amendment deliberate indifference claims pursuant to § 1983: (1) a challenge to the [CDOC] Policy against Defendants Raemisch, Jordan, and Tiona . . . and (2) a challenge to [plaintiff's] medical care against Defendants McGrew, Tiona, Borrego, and Johnson." Docket No. 215 at 2-3.

Defendant McGrew and the CDOC defendants moved for summary judgment on November 11, 2019 and November 27, 2019, respectively. *See* Docket No. 169 and Docket No. 176. The magistrate judge recommends that both motions for summary judgment be granted and that plaintiff's claims be dismissed with prejudice. Docket No. 215 at 31. Specifically, the magistrate judge concluded that plaintiff could not survive summary judgment because he could not establish either of the two prongs required to succeed on an Eighth Amendment deliberate indifference claim: (1) that plaintiff suffered from an objectively serious medical need, and (2) that defendants were subjectively aware of the serious medical need and recklessly disregarded it. *Id.* at 14.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of

3

evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal quotation marks omitted)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115 (citation omitted). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

When reviewing a magistrate judge's recommendation on a dispositive motion, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). Because plaintiff is proceeding *pro se*, the Court

construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.  ANALYSIS

The Eighth Amendment's ban on cruel and unusual punishment is violated if a defendant's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A claim for deliberate indifference has both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (citation omitted). To satisfy the subjective component, a prisoner must demonstrate that the defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. "'[D]eliberate indifference' is a stringent standard of fault." *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.* at 407; *see also Giron v. Corrs. Corp. of Am.*, 191 F.3d 1281, 1286 (10th Cir. 1999). Instead, the defendant must "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." *Id.*

Plaintiff raises the following objections to the magistrate judge's order: (1) the magistrate judge erred in finding that plaintiff had failed to offer a witness competent to interpret his medical records or scientific literature because the magistrate judge had previously denied plaintiff's request for appointment of an expert witness, Docket No. 220 at 1-3; (2) the magistrate judge erred in refusing to take judicial notice of his chronic kidney disease, *id.* at 3-4; (3) the magistrate judge erred in concluding that plaintiff had failed to establish the objective component of his deliberate indifference claim, *id.* at 4-5; and (4) the magistrate judge erred in determining that plaintiff had failed to establish the subjective component of his deliberate indifference claim. *Id.* at 5-11.

### A. Appointing an Expert Witness

Plaintiff states that the "crux of [his] objection to the Magistrate's recommendation stems from the [magistrate judge's] determination that 'Plaintiff . . . fails to offer any witness competent to interpret his medical records or the scientific literature,'" and the magistrate judge's conclusion that plaintiff "'fails to demonstrate the requisite expertise to interpret these documents himself or to offer rebuttal opinions to Defendant Tiona and Dr. Maul.'" Docket No. 220 at 1 (quoting Docket No. 215 at 5 n.3). Plaintiff asserts that this ruling was erroneous because the magistrate judge previously denied plaintiff's motion to appoint an expert witness. *Id.* at 2. According to plaintiff, "[t]he medical nature of this claim should have made it apparent that [plaintiff] would need an expert" to interpret plaintiff's medical records. *Id.* at 2-3.

Plaintiff's objection is, in essence, a challenge to the magistrate judge's previous ruling that the appointment of an expert witness in this case was not necessary. *See id.* at 2. In addition, plaintiff appears to challenge the magistrate judge's denial of plaintiff's request for appointment of counsel. *See id.* at 3 (requesting that the Court "reconsider [the] denial of the appointment of counsel and request volunteer counsel for him"); *see also* Docket No. 143 (magistrate judge denying plaintiff's fourth motion for appointment of counsel).

Because plaintiff did not object to any of the magistrate's orders denying his motions to appoint an expert witness, and because the Court has already overruled plaintiff's objection to the magistrate judge's first denial of appointment of counsel, *see* Docket No. 54, plaintiff's belated objections are not properly before the Court. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a non-dispositive] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to."). However, for purposes of completeness, the Court addresses plaintiff's expert-based objection and finds that the magistrate judge did not err in denying plaintiff's motion to appoint an expert witness.

"Rule 706(a) of the Federal Rules of Evidence authorizes the district court to appoint an expert witness." *Patel v. United States*, 399 F. App'x 355, 359 (10th Cir. 2010) (unpublished). However, "courts rarely exercise this power." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). "[T]he purpose of Rule 706 is to assist *the court* in evaluating contradictory or complex evidence or issues. It is not designed to aid a party's prosecution of his own case." *McClendon v. City of Albuquerque*, 2015 WL

13667177, at *4 (D.N.M. Oct. 13, 2015). "In the absence of 'complex scientific evidence or complex issues,' the circuit courts have held that a district court does not abuse its discretion in declining to appoint an expert pursuant to Rule 706." *Johnson v. Kellison*, No. 18-cv-02112-RM-KLM, 2019 WL 5894185, at 2 (D. Colo. Nov. 8, 2019) (citing cases).

Although the underlying issue in this case involves the adequacy of plaintiff's medical care, which necessarily requires the use and analysis of medical records, the Court does not find that the issues are so complex as to require a medical expert to assist the Court, particularly where defendants have submitted declarations from physicians explaining plaintiff's medical records, his medical conditions, and his course of treatment. *See Rachel*, 820 F.3d at 398 (holding that district court did not abuse its discretion in declining to appoint expert witness where "the nature of [the plaintiff's] underlying claim," which was a deliberate indifference in medial treatment claim, was "not sufficiently complicated to require an independent medical expert"); *see also Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997) (finding no error in decision to not appoint expert in medical treatment deliberate indifference case because "determining deliberate indifference was not so complicated that an expert was required to establish [the plaintiff's] case"). While plaintiff asserts that he needs an expert witness to rebut the defendants' arguments concerning the adequacy of his care, "it cannot follow that a court must therefore appoint an expert under Rule 706 whenever there are allegations of medical malpractice." *Rachel*, 820 F.3d at 398. The Court finds no error in the magistrate judge's denial of the appointment of an expert and

will overrule plaintiff's objection.

### B.  Judicial Notice

Plaintiff argues that the magistrate judge erred when she did not take judicial notice of his chronic kidney disease, "which could have been accurately and readily determined from the sources [plaintiff] provided, whose accuracy cannot reasonably be questioned," and from which a reasonable jury could have concluded that plaintiff's kidneys are not "normal functioning." Docket No. 220 at 3-4. Instead, plaintiff argues, the magistrate judge "chose to exclusively accept the defendant[s'] medical conclusions." *Id.* at 3. However, plaintiff did not request that the magistrate judge take judicial notice of any documents in either of his responses to defendants' motions for summary judgment. *See* Docket No. 183; Docket No 197. Thus, the Court declines to consider plaintiff's objection that the magistrate judge erred by not taking "judicial notice" of chronic kidney disease. *See Goodloe v. U.S. Parole Comm'n*, No. 06-cv-00212-CMA-BNB, 2008 WL 5156447, at *1 (Dec. 8, 2008); *see also Parks v. Persels & Assocs., LLC*, 509 B.R. 345, 357 (D. Kan. 2014) ("Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge.") (quotation omitted). In any event, the magistrate judge did not err by not taking judicial notice of "the definition of and ranges for the different grades of [chronic kidney disease]," as set out in medical literature submitted by plaintiff. Docket No. 220 at 3-4. *See Mack v. Friedman*, 2008 WL 11439337, at *10 n.2 (N.D. Cal. Mar. 5, 2008) ("Mack's request that the court take judicial notice of the two articles is denied

because the articles and statements therein are not facts not subject to reasonable dispute that qualify for judicial notice under Federal Rule of Evidence 201. The articles also are inadmissible hearsay and are excluded under Federal Rules of Evidence 801 and 802. Mack's own interpretation of those articles and opinion about the appropriate care for his injury is not competent evidence because he has not shown he has any medical expertise."). The Court finds no merit in plaintiff's objection, which is not properly before the Court, and finds that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes.[3]

### C. Objective Component

In her recommendation, the magistrate judge found that plaintiff had failed to establish the necessary objective component of his deliberate indifference claim. Docket No. 215 at 19. Specifically, the magistrate judge concluded, *inter alia*, that plaintiff's "intermittent complaints of diffuse body and renal pain do not demonstrate substantial pain for purposes of the objective component of a deliberate indifference claim." Docket No. 215 at 17. Plaintiff objects to this conclusion. Docket No. 220 at 4. He argues that his diffuse body pain and renal pain are debilitating, and asserts that he provided "objectively serious" evidence that he experienced severe complications resulting from his chronic Hepatitis-C. *Id.* at 4-5. He states that his conditions "cause[] muscle pain, joint pain, bone pain, along with uremic encephalopathy (dizziness/confusion)," which constitutes pain and suffering. *Id.* at 4. The CDOC

---

[3] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

defendants respond that, "[b]ecause Plaintiff did not suffer a life-threatening event, or pain which incapacitated him, the Magistrate Judge's finding that Plaintiff failed to demonstrate substantial pain for purposes of the objective component of a deliberate indifference claim was proper." Docket No. 222 at 7.

An inmate's medical needs can be "sufficiently serious" to satisfy the objective component of a deliberate indifference claim if "the condition results in substantial pain." *Perotti v. Serby*, 786 F. App'x 809, 814 (10th Cir. 2019) (unpublished); *see also Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)) ("The Eighth Amendment forbids 'unnecessary and wanton infliction of pain.'"); *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) (stating that the objective prong can be satisfied by a showing of "considerable pain"). "For example, when the pain lasts hours or days prior to treatment, the condition may be considered sufficiently serious." *Perotti*, 786 F. App'x at 814. Thus, the Court rejects the CDOC defendants' contention that, in order for pain to be sufficiently serious to satisfy the objective component, the pain must incapacitate the inmate or be related to a life-threatening event.

However, the Court finds no error in the magistrate judge's conclusion that plaintiff has failed to establish a genuine issue of material fact as to whether he suffered substantial pain for purposes of his deliberate indifference claim. Construing the facts in the light most favorable to plaintiff, and reading plaintiff's summary judgment responses liberally, plaintiff sets forth no disputed facts demonstrating the extent of his pain so as to find that plaintiff suffered from "substantial" pain to which

11

defendants were deliberately indifferent. At best, plaintiff asserts that it is disputed "[w]hether [plaintiff's] complaints of pain, as documented in his medical records, are sparse." Docket No. 197 at 4, ¶ 19. In addition, in the argument sections of his responses, plaintiff states that (1) his chronic kidney disease and Sjogren's Syndrome "cause considerable pain," Docket No. 183 at 4; (2) he was diagnosed with a pain disorder in September 2018, *id.* at 3; and (3) "Sjogren's Syndrome has been causing many of [plaintiff's] painful symptoms." Docket No. 197 at 12. In support of his contention that he suffered "considerable pain" from his chronic kidney disease and Sjogren's Syndrome, plaintiff points to a print-out from Mayo Clinic website stating that Sjogren's Syndrome may cause "[j]oint pain, swelling, and stiffness," Docket No. 183 at 43; and a log of his medical kites (requests for medical attention) which demonstrate that he made the following complaints of pain: (1) "pain in the bladder/groin area – trouble urinating" on January 31, 2018; (2) "My kidneys hurt and I have pain in my groin . . . my urine burns" on February 16, 2018; (3) "pain in kidneys/[b]ladder" on April 3, 2018; and (4) "shooting pain in my head (10-20 seconds)" on May 12, 2018. Docket No. 197-1 at 114. However, this evidence – excerpts from medical literature and conclusory notations in plaintiff's medical records that he was suffering from pain without information regarding the severity of the pain or the extent of the pain – is insufficient to create a genuine dispute of material fact that plaintiff was suffering from *substantial* pain to which defendants were deliberately indifferent. *See Southway v. Central Bank of Nigeria*, 149 F. Supp. 2d 1268, 1274 (D. Colo. 2001) ("Unsupported allegations without 'any significant probative evidence tending to support the complaint'

are insufficient" to defeat summary judgment) (quotation omitted); *compare Sealock*, 218 F.3d at 1210 (genuine issue of material fact as to objective component of deliberate indifference claim where there was evidence that plaintiff "suffered from severe chest pain which he reasonable believed was caused by a heart attack," which lasted "several hours," because the pain was "sufficiently serious to require prompt medical attention"); *Perotti*, 786 F. App'x at 814 (finding genuine issue of fact where the evidence demonstrated that plaintiff experienced "intense" and "excruciating" pain for five days after breaking his arm in two places); *Al-Turki v. Robinson*, 762 F.3d 1188, 1193 (10th Cir. 2014) (genuine issue of fact where the evidence demonstrated that plaintiff's "pain was so severe that he collapsed, vomited, and believed he was dying" and where "[t]his severe pain and fear of death lasted for several hours."). "[N]ot every twinge of pain suffered as the result of delay in medical care is actionable." *Sealock*, 218 F.3d at 1210. Because the Court finds no genuine dispute as to the substantiality of plaintiff's pain, the Court will overrule plaintiff's objection.

### D. Subjective Component

Because plaintiff failed to demonstrate that a genuine issue of material fact exists as to the objective component of his deliberate indifference claim, defendants are entitled to summary judgment. *See Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005) ("[I]n order for [the plaintiff] to avoid summary judgment on her Eighth Amendment claims, [he] was required to set forth facts demonstrating that [his] medical need was objectively sufficiently serious, and that defendants' delay in meeting that need caused [him] substantial harm."). However, despite the magistrate judge's finding

13

as to plaintiff's failure to establish the objective component of a deliberate indifference claim, the magistrate judge analyzed, "for the sake of completeness," whether plaintiff could satisfy the subjective component.  Docket No. 215 at 19.  The magistrate judge concluded that plaintiff could not.  *Id.*

Plaintiff raises several objections to the magistrate judge's conclusion that plaintiff cannot establish the subjective prong of a deliberate indifference claim.  *See* Docket No. 220 at 5-11.  However, because the Court concludes that, regardless of the magistrate judge's analysis on the subjective component, defendants are entitled to summary judgment, the Court declines to address plaintiff's objections to the magistrate judge's findings on the subjective component.  For this reason, the Court will not accept – as moot – this portion of the magistrate judge's recommendation.

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge and Order [Docket No. 215] is **ACCEPTED IN PART** as set forth in this order.  It is further

**ORDERED** that Defendant Joanne McGrew's Motion for Summary Judgment [Docket No. 169] is **GRANTED**.  It is further

**ORDERED** that the CDOC Defendants' Motion for Summary Judgment [Docket No. 176] is **GRANTED**.  It is further

**ORDERED** that this case is closed.

DATED September 29, 2020.

        BY THE COURT:

        _____
        PHILIP A. BRIMMER
        Chief United States District Judge