IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00233-PAB-NYW

ROBERT JW McCLELAND,

    Plaintiff,

v.

RICK RAEMISCH,
RENAE JORDAN,
SUSAN TIONA,
DEBORAH BORREGO,
JOANNE McGREW, and
DAYNA JOHNSON,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. Rule 60(b) [Docket No. 242]. The Court previously accepted in part the magistrate judge's recommendation, Docket No. 215, that the Court grant Defendant Joanne McGrew's Motion for Summary Judgment [Docket No. 169] and the CDOC Defendants' Motion for Summary Judgment [Docket No. 176]. Docket No. 226.[1] Both motions were granted over plaintiff's objections to the recommendation. The Court closed the case on September 29, 2020, *id.* at 15, and final judgment was entered the same day. Docket No. 227. Plaintiff now seeks relief under Federal Rule of Civil Procedure 60(b). *See generally* Docket No. 242. No

---

[1] "CDOC defendants" collectively refers to defendants Rick Raemisch, Renae Jordan, Susan Tiona, Deborah Borrego, and Dayna Johnson from the Colorado Department of Corrections ("CDOC"). *See* Docket No. 176 at 1.

defendant responded to the motion.[2]

Relief after judgment is discretionary and only appropriate based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Because such relief is "extraordinary and may only be granted in exceptional circumstances," *Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000), parties seeking relief under Rule 60(b) have a high hurdle to overcome. *Davis v. Kansas Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007). Rule 60(b) motions should not be treated as a substitute for an appeal. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).

Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citation omitted). Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted or when it "offends justice" to deny such relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d

---

[2] The Court assumes the parties familiarity with this matter and will not detail the procedural history or background facts beyond what is necessary to resolve this motion. Additional background can be found in previous orders and recommendations. *See, e.g.*, Docket Nos. 215, 226.

572, 580 (10th Cir. 1996). Courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," where a party is indigent, or when it offends justice to deny such relief. *Id.* at 579; *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231–32 (10th Cir. 1999).

Plaintiff seeks relief under Rule 60(b) in light of "newly discovered evidence" of "past MPGN on histological examination of [plaintiff's] kidneys." Docket No. 242 at 2.[3] Plaintiff concedes that the MPGN is "no longer active," but asserts that it is "definitive proof that his kidneys have sustained permanent damage from past infection, and the reason [plaintiff] no longer has normal kidney function." *Id.* Plaintiff also provides "peer reviewed research, medical diagnostic tests, and clinical medical tests confirming the link between chronic [Hepatitis-C virus ("HCV")] infection, renal damage, and Sjogren's Syndrome." *Id.*

Plaintiff makes two initial requests – first, that the Court to take judicial notice of "the facts he presents," which he says are "quotes and cites" from "peer reviewed published medical research, medical school college text books, and medical texts used by clinicians and specialists" and, second, that the Court appoint a medical expert in his case. *Id.* at 3. He also purports to provide (1) newly discovered medical evidence of renal damage "on kidney biopsy results of the type caused by chronic HCV" and "urinalysis and blood tests showing evidence of kidney dysfunction"; (2) evidence of misrepresentation by the CDOC defendants of the "etiology, association, and treatment of extrahepatic manifestations of HCV"; and (3) evidence of misrepresentation by the

---

[3] Plaintiff does not define the term "MPGN."

CDOC defendants of "untimely serologic and kidney function tests." *Id.* at 3–4. The Court considers each of these in turn.

Plaintiff's request for judicial notice is a renewed argument that plaintiff made originally in his objections to the magistrate judge's recommendation. In his objections, plaintiff argued that the magistrate judge erred by not taking judicial notice of plaintiff's chronic kidney disease, "which could have been accurately and readily determined from the sources [plaintiff] provided, whose accuracy cannot reasonably be questioned," and from which a reasonable jury could have concluded that plaintiff's kidneys are not "normal functioning." *See* Docket No. 220 at 3–4. The Court found, however, that plaintiff did not request that the magistrate judge take judicial notice of any documents in either of his responses to defendants' motions for summary judgment. Docket No. 226 at 9. As such, the Court declined to consider plaintiff's objection that the magistrate judge erred in not taking judicial notice of the information that plaintiff submitted. *Id.* (citing *Goodloe v. U.S. Parole Comm'n*, No. 06-cv-00212-CMA-BNB, 2008 WL 5156447, at *1 (D. Colo. Dec. 8, 2008); *Parks v. Persels & Assocs., LLC*, 509 B.R. 345, 357 (D. Kan. 2014) ("Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge.") (quotation omitted)). Nevertheless, the Court found that, even if plaintiff had timely requested that the magistrate judge take judicial notice of the medical literature that plaintiff submitted, the magistrate judge did not err by not doing so. *Id.* (citing *Mack v. Friedman*, 2008 WL 11439337, at *10 n.2 (N.D. Cal. Mar. 5, 2008) ("Mack's request

that the court take judicial notice of the two articles is denied because the articles and statements therein are not facts not subject to reasonable dispute that qualify for judicial notice under Federal Rule of Evidence 201. The articles also are inadmissible hearsay and are excluded under Federal Rules of Evidence 801 and 802. Mack's own interpretation of those articles and opinion about the appropriate care for his injury is not competent evidence because he has not shown he has any medical expertise.").

The Court finds no error in its previous determination that the magistrate judge did not err by not taking judicial notice of these facts, *see Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished), and plaintiff identifies no mistake, neglect, new evidence, fraud, or misrepresentation that could warrant "extraordinary" and "exceptional" relief under Rule 60(b). *See Servants of the Paraclete*, 204 F.3d at 1009. The Court will again deny plaintiff's request for judicial notice.

Plaintiff next requests that the Court appoint a medical expert in his case. As with plaintiff's renewed request for judicial notice, the Court considered plaintiff's request for the appointment of an expert witness in ruling on his objections to the magistrate judge's recommendation. *See* Docket No. 226 at 6–9. The Court found plaintiff's objection to be untimely because plaintiff did not object to the magistrate judge's order denying his motion to appoint an expert witness within 14 days of the order, as required by Federal Rule of Civil Procedure 72(a). *Id.* at 7. Nevertheless, the

Court considered plaintiff's request as if timely raised and found that the issues in plaintiff's case were not so complex as to require a medical expert to assist the Court. *Id.* at 7–9 (citing *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016) (holding that district court did not abuse its discretion in declining to appoint expert witness where "the nature of [the plaintiff's] underlying claim," which was a deliberate indifference in medial treatment claim, was "not sufficiently complicated to require an independent medical expert"); *McClendon v. City of Albuquerque*, 2015 WL 13667177, at *4 (D.N.M. Oct. 13, 2015) ("[T]he purpose of Rule 706 is to assist *the court* in evaluating contradictory or complex evidence or issues. It is not designed to aid a party's prosecution of his own case.")). In his motion, plaintiff explains his efforts to retain a medical expert and also requests that the Court contact a doctor who plaintiff states has testified about similar issues previously. Docket No. 242 at 3. Plaintiff has not, however, identified any mistake, neglect, new evidence, fraud, or misrepresentation that could justify the relief he seeks. *See Servants of the Paraclete*, 204 F.3d at 1009. As such, the Court will deny this portion of his motion.

The Court next turns to plaintiff's request for relief based on new evidence. Docket No. 242 at 4–6. Plaintiff states that he underwent a kidney biopsy on December 11, 2020 but that "nothing was mentioned" by CDOC nephrologist Dr. June Scott about plaintiff's HCV infection to the kidney pathologist. *Id.* at 4. Plaintiff then lists four pieces of purportedly new evidence, which he appears to argue was discovered from his biopsy, and asks the Court to take judicial notice of "medical facts," which he says "pertain[]" to the four pieces of new evidence. *Id.* at 4–5. Next, he states that he has

6

undergone serologic kidney function tests and urinalysis since summary judgment and provides nine additional pieces of purportedly new evidence of abnormal kidney function that he says were revealed by the additional testing. *Id.* at 5. He then again asks the Court to take judicial notice of various medical facts. *Id.* at 6.

The Court declines to do so. First, as the Court explained in the previous order, the purported facts are not "subject to reasonable dispute that qualify for judicial notice under Federal Rule of Evidence 201" and are inadmissible hearsay excluded under Federal Rules of Evidence 801 and 802. Docket No. 226 at 10 (quoting *Mack*, 2008 WL 11439337, at *10 n.2). Second, as the Court also explained, plaintiff's own interpretation of the various medical sources and his opinion about the appropriate care for his ailments are not competent evidence because he failed to show that he has any medical expertise. *Id.* (quoting *Mack*, 2008 WL 11439337, at *10 n.2). Moreover, even if the Court were inclined to take judicial notice of the various authorities that plaintiff relies upon, the Court would only be able to do so to show their "contents, not to prove the truth of the matters asserted therein." *United Water & Sanitation Dist. v. Geo-Con, Inc.*, 488 F. Supp. 3d 1052, 1057 (D. Colo. 2020) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)). Plaintiff has not, therefore, identified any new evidence that could warrant under Rule 60(b). *See Servants of the Paraclete*, 204 F.3d at 1009. As such, the Court will deny this portion of his motion.

Plaintiff next asks the Court to provide relief under Rule 60(b) based on "misrepresentation by the CDOC defendants." Docket No. 242 at 6–8. Plaintiff's argument is that the CDOC defendants "misrepresented the 2016 medical community's

understanding of the cause of, association of, and treatment of these extra-hepatic manifestations." *Id.* at 6. Plaintiff again cites various medical texts. *See, e.g.*, *id.* at 7–8 (citing, among others, "Pawlotsky et al.," "Hepatology Vol. 19, No. 4, 1994," a "1995 peer review article in the Annals of Internal Medicine (Vol. 123, No. 8)," a "2012 peer review of hepatitis c infection and autoimmune disease" in the "The International Journal of Medicine," "Current Medical Diagnosis & Treatment 2016"). Some of these texts appear to be the same authorities that plaintiff belatedly asked the Court to take judicial notice of in his objections to the magistrate judge's recommendation. *See, e.g.*, Docket No. 220 at 4 (citing "2016 Current Medical Diagnosis and Treatment"). As explained previously, however, the Court cannot take judicial notice of these texts "for the truth of the matters asserted therein," *United Water*, 488 F. Supp. 3d at 1057, and does not find plaintiff's interpretation of them to be competent evidence because he has not shown that he has any medical expertise. *See Mack*, 2008 WL 11439337, at *10 n.2. Plaintiff, therefore, has not identified any new evidence or misrepresentation that could warrant relief under Rule 60(b). *See Servants of the Paraclete*, 204 F.3d at 1009. As such, the Court will deny this portion of his motion.

Plaintiff next argues that the CDOC defendants misrepresented "untimely serologic tests and proteinuria." Docket No. 242 at 8–9. Plaintiff cites tests and events occurring in September 2018 and July 2019. *Id.* at 8. Plaintiff then asks the Court to take judicial notice of various facts, again from what appear to be medical texts and authorities. *Id.* at 9–10. For the reasons discussed previously, the Court will not do so. *See United Water*, 488 F. Supp. 3d at 1057; *Mack*, 2008 WL 11439337, at *10 n.2.

Moreover, plaintiff has not explained how events occurring in September 2018 and July 2019 are "newly discovered." *See Combs v. PriceWaterhouse Coopers, LLP*, 382 F.3d 1196, 1206 (10th Cir. 2004) (relief is disfavored where it is based on allegations that were "readily available" prior to the entry of judgment); *Johnson v. Ward*, No. 20-cv-00447-PAB-MEH, 2021 WL 2222713, at *1 (D. Colo. June 2, 2021); *Bartlett v. Palma*, No. 16-cv-00697-PAB-STV, 2018 WL 1046788, at *2 (D. Colo. Feb. 26, 2018).

The remainder of plaintiff's motion relies on the facts that plaintiff previously asked the Court to take judicial notice of. *See, e.g.*, Docket No. 242 at 10 ("The biopsy also shows electron densities in [plaintiff's] mesangium (NDE 4) which indicate resolving postinfectious glomerulonephritis. (FJN 5) . . . . Further establishing that [plaintiff's] kidneys sustained glomerular injury, is the fact that his epithelial foot processes were effaced. (NDE 3)  This type of injury is common in all forms of glomerular injury with proteinuria. (FJN 6).").[4]  Because the Court will not take judicial notice of these facts and does not find that the purportedly newly discovered evidence sufficient to show that plaintiff is entitled to "extraordinary" and "exceptional" relief, *see Servants of the Paraclete*, 204 F.3d at 1009, the Court finds that plaintiff has not overcome the "high hurdle" of Rule 60(b).  *See Zurich N. Am.*, 426 F.3d at 1289.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. Rule 60(b) [Docket No. 242] is **DENIED**.

---

[4] "NDE" refers to "newly discovered evidence" and "FJN" refers to "facts for judicial notice."  *See* Docket No. 242 at 4.

DATED August 10, 2021.

                                  BY THE COURT:

                                  _____
                                  PHILIP A. BRIMMER
                                  Chief United States District Judge